2090122 Ronaldo Esquivel v. Chuck Huffington of Illinois You may proceed. May it please the court and counsel, this is my first opportunity to appear before the court. I thank you for your time and for agreeing to allow me to be heard. Would you state your name for the record, sir? My name is Brad Reynolds. I'm an attorney at Jim Black's office in Rockford, Illinois. I represent Ronaldo Esquivel, who is the petitioner, plaintiff, and the appellant in the above-captioned matter. I think the facts of the claim, Your Honors, are probably totally undisputed. I wanted to review those briefly. I also wanted to state that the standard of review on a motion to dismiss, which was a 2619 motion, is de novo. The standard of review indicates that there is no deference to be given to the circuit court's finding that the appellate judges are allowed to review the record and make a determination in their own instance and that, according to the standard of review, all well-pleaded facts are accepted as true and all reasonable inferences therefrom can be drawn. I don't want to understate the significance of the standard of review in this particular case in light of the record and the notation of the word affidavit on the summons, which I'll come back to. But again, please keep in mind that when the circuit court said they were divested of subject matter jurisdiction to hear the appeal, it was our position that the circuit court did not follow the appropriate standard of review. They did not draw all reasonable inferences from the record. The commission issued a decision affirming the arbitrator's decision on March 24, 2008. The petitioner commenced an appeal in circuit court in Winnebago County on April 9, 2008. The sequence of events is important to your determination. On April 8, 2008, the day before the agency action was filed in circuit court, our office cut a check dated April 8, 2008, to the Illinois Workers' Compensation Commission in the amount of $35. The agency action or petition for administrative review was filed on April 9, 2008, and a written summons was issued on that date. On the same day, a letter was transmitted to all of the parties of record, including the Industrial Commission or the Illinois Workers' Compensation Commission. In the letter was a copy of the summons, also a copy of the check for the probable cost to the record for $35, that was mailed on April 9. Counsel, what is your understanding of the legislative purpose behind Section 19F1's requirement that the parties seeking judicial review exhibit proof of payment of cost to the clerk as a precondition to the summons? What do you believe is the purpose of that statute? That's an excellent question, Your Honor. We know the answer to that question. The question was answered in Berry v. The Industrial Commission. The Illinois Supreme Court said the purpose at that time of requiring proof of payment of the record by receipt was to coerce the payment or to ensure that the payment of the record was made. In this case, we know that the payment of the record was made within the 20-day period. We also know that the appeal was commenced in a timely fashion within the 20-day period. How do we know that that check was ever given to the Industrial Commission? Well, that's a good question, too, Your Honor. We know the check was given to the Industrial Commission because the record which was transmitted indicates the circuit court received the record on May 16 of 2008. So not only do we know that the check was sent and included in the record is a copy of the letter that was sent to the Commission along with the notation at the bottom that they were told that a check was sent and a copy of the check was sent to the Commission. We know that the Commission received the check because they transmitted the record all five volumes. That's not the question I asked you. How do we know that the check was transmitted to the Commission within the 20-day period? We know that you've got a Xerox copy of a check and you've got a record being filed on May the 16th. Well, May the 16th is obviously outside of the 20-day period. Now is your question how do we know when the Commission received the check or how do we know the check was sent? No, how do we know the Commission ever received the check within the 20-day period? Right. And I don't think I can answer that question, Your Honor, other than to state that we know that the check was received because five volumes of the transfer report were sent. It has to be received within the 20-day period under Jones. Well, I think, you know, that's a question that's why we're up here, to talk about what Jones says. Does Jones say the check had to be received? Actually, 19F1 was amended, and when it was amended, it changed the requirement from proof of receipt of the check from the Commission to allowing the attorney to file an affidavit to state that the payment had been made. And so actually after the amendment under 19F1, the attorney can file an affidavit stating that the payment has been made, which is different from the prior requirement that they file a receipt showing that the receipt had actually or the check had been received by the Commission. So in other words, you're telling me there's no evidence in the record that the Commission ever received the check within the 20-day period? Yes. I would have to say that I'm telling you that's the answer to your question. Doesn't it have to be received by the Commission within the 20-day period in order for you to have jurisdiction? I don't believe that's correct for two reasons, Your Honor. The first reason is, is in Jones, the affidavit was filed within the 20-day period, again stating that a payment had been made. We know here a payment was made in 20 days. I think the core holding in Jones is that substantial compliance applies to the requirements of 19F1 other than strict compliance with timely commencing appeal within 20 days. Are you saying that the facts of this case are not distinguishable from Jones? You're saying what happened here is basically consistent with Jones. Is that what you're saying? Well, I think what I'm saying, Your Honor, is I think the case is more like Barry than it is Jones. If you're going to take the most narrow interpretation of Jones, if you're going to say that the affidavit had to be filed within the 20-day period, everyone agrees the matter was timely commenced within the 20-day period. If you're going to say the factors that the Jones court identified don't matter, if you're going to say that substantial compliance with 19F1 doesn't matter, if you're going to say Jones stands for this proposition that it's strict compliance, everything has to be done in 20 days, my response is to say that the circuit court still retains jurisdiction over this matter because the summons, which is part of the record, uses the notation by the deputy clerk of the word affidavit. And this is where we get back to all reasonable inferences that I'm entitled to receive. Our argument is that when the summons was issued, 19F1 says the summons is not to be issued unless an affidavit is filed stating the payment was made or the receipt is filed. Our position is because we know the check was issued the day before, our argument is that the deputy clerk was satisfied that the payment had been made and issued the summons consistent with what the law requires. I just want to get into whether or not the facts were distinguishable. I agree with you. In Jones, obviously, the claimant's failure to exhibit proof of payment at the time of filing the request for summons, Jones held that was an oversight, there was no strategic prejudice, and therefore, that was overlooked in that particular case. However, in that case, the check, there was proof of payment within the 20 days. That's not exactly, in response to Justice Hoffman's question, the fact here. There's no definitive proof of payment within the 20 days, correct? That is correct, yes, Your Honor. So this would be somewhat of an extension of Jones. I think that would be fair, yes. Is that fair to say?  Yes. Who has the burden to prove jurisdiction, to establish jurisdiction? Whose burden is that? Well, I think the case is saying that it's the Petitioner's burden based on a review of the record. Exactly. My answer, I'm sorry? If we're in agreement, it is your burden to establish that the court has jurisdiction. I ask you a simple question. Where is the evidence that the check was ever tendered to the commission within the 20-day period in the record? And again, the question is where is the evidence in the record that the check was mailed or received by the commission? Tendered to the clerk of the court within the 20-day period. I think the evidence is in the notation. Tendered to the commission. Pardon me. I think the evidence, Your Honor, is in the notation to the word affidavit on the summons itself. Where is that? Well, that's what we're here to talk about. I think all references reasonably drawn for the plaintiff, according to the standard review, mean that the deputy clerk of court was satisfied that the payment had been made, which is why they issued the summons. Not unlike the situation in Berry where there was a presuppossee, which was the precursor to the summons, the clerk of court contacted the commission, verified that the commission had received the payment, and then issued the summons. And the Alamo Supreme Court said in Berry that that was sufficient. How did they establish in Berry that the commission had received the money within the period of time? According to the decision in Berry, the clerk's office contacted the commission and verified. Where did that evidence come from? Was there an affidavit by the clerk that he did this? Did somebody testify that he did that? I can only tell you after reading Berry that it was in the record, Your Honor, that it was very clear that the plaintiff's attorney had made statements to the deputy clerk about the payment being sent, and that then the deputy clerk contacted the commission and verified receipt of the payment before issuing the summons. Someplace in Berry there was evidence that the commission had received the money within the 20-day period. In this case, there is no evidence that the commission ever received the money within the 20-day period. Your Honor, you claim that the word affidavit, from that we can glean that the money was received? Yes. And I say that for two reasons, Your Honor. If the deputy clerk had no idea that they were to be satisfied that the payment had been made before they issued the summons, then why would they write the word affidavit on the summons itself? If they were aware that an affidavit or proof of payment had to be made before issuing the summons, then the notation of the word affidavit means something in this case. It particularly means something in this case because the check for the $35 had been cut the day before, April 8th, and was likely visible for the clerk or the deputy clerk to see before issuance of the summons. That's why. You had an opportunity in this case to file an affidavit by someone saying we mailed that check to the commission on the 8th. You didn't do that. You had an opportunity to go to the commission to get their records to determine the day they received the check. You didn't do that either. I mean, so what you are doing is you are coming here and you are saying to us, yes, we acknowledge we have the burden to prove that there is jurisdiction. We didn't do anything to prove that before the circuit court, but you should glean from the word affidavit that we did it on time. That's your argument. Why didn't you get these affidavits? You knew what the issue was. They had a motion to dismiss. On file, you are entitled to respond to it, and you are entitled to file counter-revidentiary material. I think, Your Honor, in fairness, the issue of the affidavit was brought to our attention in August. I did write a letter to the attorney forwarding a copy of the payment that we had made to the Workers' Compensation Commission, and a copy of the letter that we sent to the commission would transmittal the check. We believe, based on the opinions in Berry and in Jones, that it was not necessary to do more than that. And I do think, Your Honor, that the word affidavit is significant in this particular case, and it should not be read out of the record. It should not be read to be a mystery or that we can't draw any meaning from it, because I think, again, that the plaintiff is entitled to reasonable inferences to be drawn from what that word means. And in light of the circumstances that the appeal was commenced on time, that the check had been cut the day before, that the clerk of court was, in fact, satisfied that the payment had been made. If that's true, how is this case different from Berry? So why didn't you get an affidavit from the clerk of the court? I can answer that question by saying, Your Honor, that when the issue was brought to our attention as an officer of court, I appeared at the circuit court. By the time we appeared at the circuit court at the end of August, there was no one, even the lady who initialed the acceptance or receipt of the summons and who issued it, who had any independent recollection at that time about what had happened. I don't want to get too technical about this, but if you tendered a check payable to the commission and it was mailed on August the 8th, I want to bet you on the reverse side there's a date when that check cleared the commission's account. Why didn't you turn the check over and give us a copy of the back end so that we could see when it was cashed? Right. All I can tell you, Your Honor, is that we did not do that in this particular case. I understand your question. Okay. Okay, counsel, your time is up. Thank you. Good morning again, Your Honors. Kimberly Emerson from Chilton Yambert and Porter on behalf of Trump Country of Illinois. The basis of this whole case here revolves around the requirements of 19F1 that set forth the statutory requirements, which are needed to be fulfilled in order to perfect a review. I think we have a pretty good grasp on that. Let me ask you this. Yes. Are the facts of this case distinguishable from Jones? Yes, I believe they are. The summary of the holding in Jones is clearly stated in the beginning of the case law stating that after granting petition for leave to appeal the Supreme Court, Justice McMurrow held that the claimant substantially complied with requirements of Workers' Compensation Act governing process for seeking judicial review by filing both the request for summons with the circuit court and proof of payment of probable cost for preparing the record within the 20 days after receipt of notice of the decision, even though the proof of payment was provided after filing the request for summons. And so then you're saying that this is different than Jones? This is different from Jones because here Esquivel had filed the request for the summons, but he never went back and filed the proof of the payment. The request for the summons was issued prior to the running of the 20-day period as in Jones. However, in Jones, that attorney realized that they had accidentally let out a piece of information. They could have filed a receipt after that time. They could have filed an affidavit after that time. The circuit court could have called the commission after that time. All right. So this would be an extension of Jones? This would definitely be an extension of Jones. All right. Let me ask you this. And granted, I think you're correct that this is distinguishable from the facts in Jones. He does rely on the underlying theme, if you will, of Jones and Barry, which says that in the absence of a clear indication to the contrary, would the court presume that the legislature, having granted a right to judicial review in workers' compensation cases, intended the right to be lost on narrow or technical grounds? That seems to be, in essence, would he fall back on the argument? Is this merely a technicality here that should not preclude judicial review? In the course of the case law, and even in the law itself, the four corners of 19F1 have been changed. It's been changed to add the ability to file an affidavit, which happened long before the filing of this review. An affidavit could have been filed. The case law stretches some of 19F to fit into whether, as in Barry, they filed with the clerk of the court a copy of the letter and the check being sent to the commission, and the clerk physically verified that the check was received before the 20 days. That was found to be sufficient. But still, among all the case law, the 20-day period has been found to be ultimate, a premium to be met. The presumption of subject matter jurisdiction is not available in the review of compensation cases where the circuit court is exercising a specific statutory jurisdiction. 19F1 specifically lays out all elements that must be provided in order to perfect the review and endow subject matter jurisdiction. Kennedy. It falls back on his argument. It isn't that, you know, they admitted that they filed the request for review and didn't tender the proof of payment. However, this is sort of an in-between or hybrid situation. It isn't also true to say they did nothing until past the 20 days. He's saying a check was sent, there was a letter sent. What he is lacking, however, is the actual proof that it was received by the commission within the 20 days. So if they lose the right to appeal, can he make the argument, hey, we went out on a very technical legal ground, we were deprived of our day in court because of very technical ground, and Jones and Barry say, you know, you shouldn't really do that where there was a technical oversight. And your best argument against that is what? That even in Jones and Barry where they are distinguishing a technical oversight, they still limit it to a 20-day time period. And all the case law states that there must be physical, actual proof in the record that that payment was made. And I think a distinction here is one that was made by Your Honors in counsel's earlier arguments. There's a distinction, I believe, between payment being issued and payment being made. Just because the check was dated April 8th, 2008, we have no way of knowing at this point in time, based upon the record at hand, that the check was in fact placed in the mail before 5 o'clock on April 9th, left that mailbox at that time, or not April 10th, that it made it all the way to the commission before the 20-day time period. I'm not saying I agree or disagree with you, but you seem to be saying in so many has to be drawn. And here it has to be drawn even under Jones where you don't have any proof of payment within 20 days. Correct. The case law. That's where it has to be drawn. There has to be a definitive finite point beyond which you cannot go. Correct. I believe it works both ways. On the Respondent's side, filing a review, the distinctions that have been made in all the case law about what is required of a bond, whose signature is sufficient, whose isn't, if it's not on time, if it's not received, if it's a day late, those are things that keep the Respondent out, and that's a technical issue as well. Weren't you on the other side of an argument on that one time? Pardon me? Weren't you on the other side of an argument on that once? I do not believe that was me. Okay. You're saying there's nothing in the record that was the actual transcript was received outside the 20-day period, correct? That the payment was received within the 20-day time period. There is nothing in the record that states that. No. Even if we refer. It's a question, I think. I'm sorry. I just asked you for a simple response. I guess. The record was not received within the 20-day period of time, correct? Correct. Okay. Is there anything in the record for this case that would indicate that the commission acted upon the summons within the 20-day period of time that could lead to an inference that they had received payment within the 20-day period of time? Not that I'm aware of, Your Honor. Or that on the other side, it's not receipt alone. You could also say that would suggest that payment had been made by the attorney within the 20-day period of time. Because you can do it two ways. Is there anything that could lead to a reasonable inference that. . . I am not aware of anything dated within the record that was presented that shows that the receipt of the check and or letter or other materials that were forwarded by Mr. Esquivel to the commission were, that it physically shows were received prior to the running of the 20 days within the record. Not that I am aware of. The Supreme Court, in their opinion, states most significantly there has been no allegation of showing any prejudice to respondent or the commission due to petitioner's actions. Can you demonstrate any prejudice that you've suffered as a result of this? On that factor alone, no. The summons was received within a reasonable time period. And the record was filed? And they would know of it. The record was filed, I believe they had said in May, several months later. Set prior to the return date? I do not know the return date right offhand, but I believe it was within the period. And that's the purpose of this statute, to make sure that the record is filed before the return date and the commission gets its money. And all that occurred? It's the Esquivel's assumption in his counsel that the check was received because the record was filing. That is a reasonable assumption at that point. But there is no proof per se. But everything the statute was designed to do was accomplished? Yes. But still, the case law, among all of them, Beasley, Arrington, Bass, Jones, all state that the record does have to demonstrate that the material provisions of the statute were all complied with within a 20-day time period. And that is missing here. It has been broadened all over the realm of all the case law, and even in the act itself, like I said with the addition of affidavit, however, the 20-day time period has remained firm. And on both sides, that would cross the same boundaries. And the counsel made significant reference to the word affidavit being written on the summons. That word was not written on the summons that was forwarded to the respondent. The first time that was seen was in view of the court record when we were looking for a proof of a receipt or an affidavit or anything else. That statement is not initialed. It's not dated. We don't know if that was written by the clerk of the court on 4-9, if it was written afterwards, when, after a phone call possibly, as in Barry, or if it was written in the 20-day time period. Well, does the statute require that you receive an affidavit? It requires one to be filed, which is why we went to the clerk of the court to view the actual file to see if there was one in there that we had not received. Okay, but you're talking about something you received, right? When the summons was issued, that summons that was received doesn't have the written word affidavit on it. The only document, only one copy of the documents has that written on it, and that's what's in the copy of the clerk record. Well, I don't know where you're going with that, because you don't ever get a copy of the affidavit, do you? You shouldn't. I mean, the requirement is only that it be exhibited to the clerk of the court, not to the parties. Correct. But, again, an amendment to a document was made on only one of the documents, not all of them.  It's an amendment to a document. And without an initial signature, a date, there's no reasonable inference that could be made as to when or where or who made that. In the end, the Workers' Compensation Commission is a statutorily constructed agency, and the circuit court right to review is obtained only through the specific statutory jurisdiction. While acceptable means of proof have been broadened to include affidavit in the act itself, and the case law has broadened some, the order in which things could be obtained or what would suffice the 20-day limitation has not been allowed to expire before those documents are received. This was not met here with certainty. There is no record. There is no evidence in the record that shows that all parts required in 19-F were received in one form or another by the circuit court prior to the running of the 20-day time period. And we ask that the circuit court decision be affirmed. Thank you, counsel. Thank you. Counsel, you may reply. Just briefly, there seems to be a unanimous agreement of timely commencement of the appeal within the 20-day period. The Respondent, Defendant, Truck Country identified no prejudice. It was noted in my brief that they could show no prejudice. Prejudice was the most significant factor, according to Jones, in indicating that substantial compliance will satisfy 19-F1. Was that the most significant factor? Didn't the Jones court specifically distinguish the prior cases by saying that unlike this case where not only was it filed within the 20-day period, but evidence of payment to the commission was exhibited within the same 20-day period? That's what distinguished this case from all the others. There's a whole section of Jones that talks about it. They do talk about that, but they also noted, Your Honor, the significance of the absence of a showing of prejudice. And they specifically state, and I think Justice Holbridge talked about this a few minutes ago, that there's Let me ask you a question. Let me put it simply. What if you didn't pay the $20 within the 20-day period, but you paid it 25 days after the decision, and the employer can't show any prejudice? The commission got the money, but it wasn't paid within the 20-day period required under the statute. Would the circuit court gain jurisdiction? I would say no in that case, because then the purpose I would say no, too. So now the question becomes, where's your proof when you paid the money? Right. And my response would be two things. Number one, that the purpose of the act is to course payment in a timely fashion and near hypothetical the payment was made after the 20 days. In this case, let's be clear, the payment was actually made in the 20 days. Well, that's the question I keep asking you. Where is the proof the payment was made within the 20 days? I've asked that question about five times, and you don't give me an answer. Right. I can't answer the question in the way that you would like me to give you the answer, Your Honor. We know that the check was sent, and we have attached the letter to the motion opposing the motion to dismiss. Does that give the appellate court an idea that the payment was actually made? No. In and of itself, it doesn't. We know that the record was received. We know there was no prejudice. We know all the material provisions of the act have been satisfied. Justice Holbridge mentioned that there's no remedy in 19F1, or 19F1 itself doesn't indicate what should happen if there isn't strict compliance with the act. And one of your colleagues had indicated in both Berry and Jones where the Supreme Court said unless there's a clear statement by the legislature or since the injured worker has been given the right to appeal, we're not going to take that right of appeal away on a technicality. Here, a timely appeal, a check was sent, the record was transmitted, all the material provisions of the act were satisfied, and the respondent agrees there's no prejudice. This would be a dismissal. Can I ask you one other question? This would be a dismissal. Excuse me. Can I ask you one other question?  Where's the evidence the check was sent? There's no evidence in the record. If the check was sent. There's no evidence in the record beyond the circuit court's receipt of the record before the return date. So we know something happened. No, I'm talking about sent within the 28th period. Oh, I know that it was sent. Well, where's the evidence in the record that it was sent? Well, just for Exhibit 3, you've got in your brief here, signed by Brad Reynolds. Yes. Says it was mailed on April 8th. He filed an affidavit. Are you aware of that? Yes. It was mailed on April 9th. I think that's what Judge Hoffman is asking. That's what he's asking. Where's the evidence that it was mailed? It's in the record. It was attached to our opposition to motion to dismiss where first we let the respondent know that we had mailed the check on April 9th and included a copy of the letter that we sent to the commission along with everything that the commission received, which included the check itself and a notation on the letter that the check was sent. And that letter is dated April 9th, 2008. It's in the record. Thank you, counsel. Thank you, Your Honor. Thank you for your arguments. This mayor will be taking our advisement in a written disposition.